Filed 7/27/26  P. v. Corona-Aguirre CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>NEFTALI ARIDAI CORONA-AGUIRRE,<br><br>  Defendant and Appellant. | H053716<br>(Monterey County<br> Super. Ct. No. 25CR002829) |

Defendant Neftali Aridai Corona-Aguirre appeals from a judgment in a criminal action.  Appointed counsel filed an opening brief summarizing the case but raising no issues.  We notified defendant of his right to submit written argument on his own behalf.  Defendant has not done so.

Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record and find no arguable issue on appeal.  Following the California Supreme Court's direction in *Kelly*, we provide "a brief description of the facts and procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed."  (*Id.* at p. 110.)

## I.  *WENDE/KELLY* REVIEW

While defendant was out of custody in an unrelated vehicle theft case, he and several others were observed dismantling two stolen vehicles.  Defendant was charged with operating a "chop shop" (Veh. Code, § 10801), conspiring to commit a crime (Pen. Code, § 182, subd. (a)(1)), and two counts of receiving a stolen vehicle (Pen. Code,

§ 496d, subd. (a)).  It was alleged that he committed the charged offenses while released on bail or on his own recognizance.  (Pen. Code, § 12022.1, subd. (b).)

In exchange for being granted probation, defendant pleaded no contest to operating a chop shop and he admitted the crime involved planning, sophistication, or professionalism (Cal. Rules of Court, rule 4.421(a)(8)).  The trial court suspended imposition of sentence, placed defendant on probation for a period of two years, and dismissed the remaining charges and allegations.  The court also ordered victim restitution in an amount to be determined at a later restitution hearing.

The record indicates that following a contested restitution hearing held on September 24, 2025, the trial court ordered victim restitution to one of the vehicle owners in the amount of $47,902.41.  That amount was apparently based on the victim's out-of-pocket expenses ($2,481.03) and the estimated cost to repair the vehicle ($45,421.38).  Defendant had argued in a written filing that restitution should instead be limited to $12,852.03, based on the victim's expenses ($2,481.03) and the estimated cost of purchasing a similar replacement vehicle ($10,371).  On the day of the restitution hearing, defendant filed his notice of appeal from the judgment in this case.  He later appealed separately from the post-judgment restitution order, and that appeal is currently pending before this court.  We note that the record in this appeal of the judgment does not include a reporter's transcript of the restitution hearing.

Considering only the judgment itself and not the post-judgment restitution order, which has been separately appealed, we have reviewed the entire record and have found no arguable issue that would result in a disposition more favorable to defendant.

## II.    DISPOSITION

The judgment is affirmed.

2

_____

Grover, Acting P. J.

**WE CONCUR:**

_____

Lie, J.

_____

Wilson, J.

H053716
*The People v. Corona-Aguirre*